

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/05/2013

| | | |
|---|---|---|
| IN RE: | § | Case No. 12-31267 |
| ANLOC, LLC, | § | Chapter 11 |
| Debtor(s). | § | Judge Isgur |

## MEMORANDUM OPINION

In accordance with 28 U.S.C. § 158(d), the Court certifies that the orders appealed from in this case involve questions of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States.

### Background

An extensive factual background may be found in this Court's previous Memorandum Opinion, (ECF No. 432).

Anloc is a Texas Railroad Commission Operator which has been approved to operate crude oil and natural gas leases in Texas. (ECF No. 37 at 3). Anloc hired Edward Talone to perform services in connection with its oil and gas operations. At times, Edward Talone conducted business using the Edward Talone Trust No. 1 entity. For example, one employment contract between Anloc and the Talone parties stipulated that Edward Talone would provide the services to Anloc but that Edward Talone Trust No. 1 would receive payment. The Talone parties filed claims in Anloc's bankruptcy proceeding, alleging that Anloc failed to compensate them pursuant to various employment agreements.[1]

---

[1] The Talone parties had filed a state court lawsuit against Anloc on January 21, 2011 that contained similar allegations. That proceeding was removed to this Court after the bankruptcy filing and became Adversary Proceeding 12-3216. As the adversary proceeding and claim objections contained similar issues, the adversary proceeding was abated pending the Court's decision on the claim objections. (Case No. 12-3216, ECF No. 19). After the Court's ruling on the claim objections, the adversary proceeding was again abated pending the outcome of this appeal. (Case No. 12-3216, ECF No. 25).

On January 22, 2013, this Court denied the claims of Edward Talone Trust No. 1 and Edward Talone (together, the "Talone parties"). (ECF Nos. 432, 433). The Talone parties' violations of the Texas Engineering Practices Act ("TEPA") necessitated the denial of their claims. Anloc's plan was confirmed thereafter. (ECF No. 437).

TEPA forms part of the Texas Occupations Code and, in very general terms, regulates the practice of engineering in Texas. Important for this case is that TEPA prevents unlicensed persons from representing themselves as engineers and prevents unlicensed persons from seeking compensation for performing engineering services.

Reaching the conclusion that the Talone parties' claims must be denied required the Court to decide various questions of law related to TEPA, including: (i) whether Talone's use of the phrase "in the business of petroleum" engineering triggered TEPA's "conclusive presumption"; (ii) whether the services performed by Talone constitute the "practice of engineering" as defined by TEPA; and, (iii) the applicability or inapplicability of several TEPA exemptions. (ECF No. 432).

The Talone parties have appealed the decision to deny the claims, as well as the related order confirming the plan and disbursing funds from the registry. (ECF Nos. 432, 433, 437, 438).

## Analysis

I. **Matter Still Pending in This Court**

Bankruptcy Rule 8001(f)(2) states:

> A certification that a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists shall be filed in the court in which a mater is pending for purposes of 28 U.S.C. § 158(d)(2) and this rule. A matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3). A matter is pending

>    in a district court or bankruptcy appellate panel after the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3).

FED. R. BANKR. P. 8001(f)(2). Bankruptcy Rule 8007(b) states that the clerk of the district court will docket the appeal once the clerk of the bankruptcy court transmits a copy of the complete record to the clerk of the district court. FED. R. BANKR. P. 8007(b). Until then, certifications for direct appeal are made by the bankruptcy court. As of the submission of this Memorandum Opinion, there is no notice of the docketing of the appeal per Rule 8007(b). Therefore, the matter is still pending in the Bankruptcy Court and these matters should be addressed by the undersigned.

## II.   Certification

Talone requests that this Court certify these related rulings to the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 158.

Section 158 contains three possible avenues for direct certification. Once a litigant satisfies the requirements for one of these prongs, certification by the bankruptcy court is mandatory. 28 U.S.C. § 158(d)(2)(B) ("If the bankruptcy court . . . determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists . . . ; then the bankruptcy court, the district court, or the bankruptcy appellate panel shall make the certification . . . .")

### a.  Section 158 (d)(2)(A)(iii) ["materially advance the progress of the case"]

Talone does not argue for certification pursuant to this prong. (ECF No. 484). Given the circumstances of this case, immediate appeal will not materially advance the progress of this case.

### b. Section 158 (d)(2)(A)(ii) ["no conflicting decisions"]

Talone does not argue for certification under this prong. The questions of law in this case do not require the resolution of conflicting decisions.

### c. Section 158 (d)(2)(A)(i) ["matter of public importance"]

The first prong (§ 158(d)(2)(A)(i)) may be met in either of two ways. One is that these questions of law involve a matter of public importance.

Talone, although requesting certification under this prong of § 158, does not argue that these questions of law involve a matter of public importance. These questions of law do not involve a matter of public importance.

### d. Section 158 (d)(2)(A)(i) ["no controlling decision of law"]

The second way in which § 158(d)(2)(A)(i) may be met is by demonstrating that the appealed ruling involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States.

That well-established legal doctrines have not been applied to a particular set of facts does not mean an absence of controlling decisions. *See, e.g.*, *In re MPF Holding US L.L.C.*, 444 B.R. 719 (Bankr. S.D. Tex. 2011) ("Simply disputing the application of these [decisions] to the facts in the case at bar does not satisfy [28 U.S.C. § 158(d)(2)(A)(i)]."); *Faulkner v. Kornman*, 2012 Bankr. LEXIS 436 (Bankr. S.D. Tex. Jan. 30, 2012) (rejecting argument that no controlling decision existed because the "law of the case" doctrine hadn't been applied to a specific set of facts).

This is not the case here. At a hearing on the motion for certification, ANLOC (who opposes the motion) was unable to show that controlling decisions exist. The Court similarly believes that no controlling decisions exist.

As the Talone parties have demonstrated the existence of the circumstances set forth in § 158(d)(2)(A)(i), the Court must certify the case.

## Conclusion

The Court will issue an Order in accordance with this Memorandum Opinion. In issuing the Order, the Court does not recommend that a direct appeal should be granted. Rather, this certification is issued because it is mandatory. The Court of Appeals should be the Court to determine whether a discretionary appeal should be allowed.

SIGNED **April 4, 2013.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE